**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

DEC 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOHANAD KAMIL RAZOOQI AL-SHAIKHLI, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   20-70163 <br><br> Agency No. A205-780-522 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2021[**]
San Francisco, California

Before:    NGUYEN and COLLINS, Circuit Judges, and BURGESS,[***] Chief District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Timothy M. Burgess, United States Chief District Judge for the District of Alaska, sitting by designation.

Petitioner Mohanad Kamil Razooqi Al-Shaikhli, a citizen of Iraq, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal of the immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The BIA affirmed the IJ's denial of relief, finding that Petitioner did not suffer mistreatment rising to the level of past persecution, did not meet his burden to establish a well-founded fear of future persecution on account of his Sunni religion, and did not establish that he more likely than not would face torture upon his return to Iraq. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

"We review the BIA's denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (internal quotation marks and citation omitted). Substantial evidence "is [an] extremely deferential" standard, and the BIA's decision should be upheld unless the petitioner can "establish that the evidence not only *supports* [a contrary] conclusion, but *compels* it." *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014) (internal quotation marks and citation omitted) (emphasis in original).

First, substantial evidence in the record supports the BIA's determination that Petitioner did not suffer past persecution based on threats (or perceived threats) he and his family received in 2004, 2011, and 2013.

Second, substantial evidence supports the BIA's determination that Petitioner failed to establish an objectively reasonable fear of future persecution. Generally, to establish a well-founded fear, an asylum applicant may not "simply prove that there exists a generalized or random possibility of persecution in his native country; he must show that he is at particular risk—that his predicament is appreciably different from the dangers faced by his fellow citizens." *Kotasz v. INS*, 31 F.3d 847, 852 (9th Cir. 1994) (internal quotation marks, alterations, and citations omitted). One way in which an applicant can show a well-founded fear of persecution is by establishing that, in his or her country, "'there is a pattern or practice'" of persecution of a group of persons similarly situated to the applicant on account of a protected ground. *Id.* at 853 n.8 (quoting regulation currently at 8 C.F.R. § 208.13(b)(2)(iii)).

Substantial evidence in the record supports the BIA's determination that Sunni Muslims, as a group, are not being targeted for harm by the Iraqi government and the IJ's conclusion that they are not "targeted across the board" by others. Substantial evidence also supports the determination that Petitioner has not shown he is a member of a disfavored group or that he has established an individualized risk of future persecution.

Third, because substantial evidence supports the BIA and IJ's conclusion that Petitioner failed to support his claim of asylum, as detailed above, Petitioner's claim for withholding of removal necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006) ("To qualify for withholding of removal, an [applicant] must demonstrate that it is more likely than not that he would be subject to persecution on one of the specified grounds. This clear probability standard for withholding of removal is more stringent than the well-founded fear standard governing asylum.") (internal quotation marks and citation omitted).

Finally, substantial evidence supports the BIA's conclusion that Petitioner is ineligible for CAT relief because he has not demonstrated that he more likely than not would face torture upon his return to Iraq. *See* 8 C.F.R. § 1208.16(c)(2), (3); *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

In sum, the evidence does not compel us to reach a conclusion contrary to the BIA's decision. *See Jiang*, 754 F.3d at 738.

**PETITION DENIED.**